HAROLD E. JORDAN *vs.* RHODE ISLAND HOSPITAL TRUST Co., *Ex.*

JUNE 21, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition, brought under the provisions of Section 3, Chapter 347, G. L. 1923, for leave to file an appeal from a decree of a probate court admitting to probate the will of Edward H. Briggs, the statutory forty-days period for filing such appeal having elapsed.

By the will respondent is named executor and the estate is left to Marion G. Mallory, niece of the testator's deceased wife. Mr. Briggs died December 27, 1933. The petition for the probate of his will was filed January 3, 1934. Legal notice of the hearing in the probate court was duly advertised. On January 26, 1934, the will was admitted to probate and the executor was appointed and qualified shortly thereafter. According to law notice of its qualification was advertised in the Providence Journal, beginning on February 7, 1934.

The petitioner is the nephew and next of kin of the testator. At the time of his uncle's decease and for many years prior thereto he resided in Oak Bluffs, Massachusetts. In his petition he alleges that since, during the past winter, Oak Bluffs was "practically isolated from the outside world," no "newspaper of consequence ever reached it" and he did not and could not have seen the legal notices of the probate proceedings relating to his uncle's will. He further alleges that Mrs. Mallory became his uncle's heir by her undue influence upon him; that he was mentally incompetent to make a will and that, due to her fraudulent conduct in neglecting to inform petitioner of the proceedings, he received no notice of the death of his uncle or of the provisions of the will until his cousin, Florence Hawkins, informed him thereof on March 15, 1934, at which time the period during which he might have claimed an appeal had elapsed.

The respondent introduced sworn statements to show that the testator, at the time of making his will, was mentally

competent and had for many years capably handled his affairs, and that he intentionally omitted any bequest to his nephew, with whom he had had no intimate acquaintance. It also appeared that Mrs. Mallory had kept house for the testator since his retirement from business. There was no credible evidence presented to indicate that she had unduly influenced him in making his will.

Mrs. Mallory by affidavit deposed that on December 28, when she gave information for the probate petition, she did not know petitioner's address; that on December 30, when she learned it, she at once attempted by telegram and telephone to notify petitioner, although she was under no obligation so to do (*Waterman* v. *Hero*, 163 Atl. (R. I.) 545); and that the telephone message was received by a person purporting to be petitioner's wife, who promised to deliver it to her husband when he returned. Mrs. Mallory's testimony is corroborated by statements of two friends who affirmed that they were present when both messages were sent. A copy of the telegram, obtained from the Western Union office in Oak Bluffs, is offered as an exhibit, accompanied by an employee's affidavit that the contents of the telegram were telephoned to petitioner's house and received by a woman who promised to communicate the same to Mr. Jordan. The telegram read: "Uncle Ed passed away Wednesday. Funeral today. Sorry not to have let you know before. Marion G. Mallory."

In answer to petitioner's claim that he did not and could not have known of the probate proceedings and that he should have been notified of the same, affidavits were submitted: some to the effect that said proceedings were duly advertised in the Providence Journal and that during the winter copies of this paper were daily delivered to and offered for sale by a periodical store in Oak Bluffs, and another by the clerk of the probate court stating that, had he known petitioner's address, he would not have sent him formal notice of the proceedings, as this is not customary, even to a testator's next of kin.

As it appeared that on the day of the funeral Mr. Brigg's death was known to petitioner's wife or some one living in his house, it would have been the proper and usual procedure for petitioner to offer, in support of his allegation of ignorance thereof, affidavits by himself and his wife specifically denying the receipt by petitioner of the messages sent by Mrs. Mallory. However, although at the first hearing before this court the convincing effect of such affidavits and the desirability of filing the same was suggested, neither at that time nor at the two subsequent hearings were such denials filed. Considering their absence and the convincing character of the opposing affidavits, we must conclude that the messages were received by petitioner's wife and were communicated to him by her.

Petitioner states that Florence Hawkins, after telling him of the probate proceedings, said that he had sixty days in which to take steps to protect his interest. Our law specifically states the time within which such steps may be taken and there is no relief from a mistake of law in this respect. *Ball* v. *Ball*, 21 R. I. 90. Petitioner emphasizes the fact that immediately after receiving this information he retained counsel and filed this petition. In view of our conclusion that he had for some time known of his uncle's death and should have been aware of the probate proceedings subsequent thereto, his belated action in retaining counsel can be explained only on the assumption that he was not interested in his uncle's estate until he learned some facts which suggested that a contest of the proceedings might be of advantage to him.

After a careful examination of the petition and all the affidavits and exhibits filed, it is our opinion that petitioner has presented no adequate ground upon which to be allowed the right to an appeal from the decision of the probate court.

The petition is denied and dismissed.

*Arthur N. Votolato, Ralph Rotondo,* for petitioner.

*Tillinghast & Collins, Harold B. Tanner, George C. Davis,* for respondent.